UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES of AMERICA,

           v.

MICHAEL P. ANDREWS,
        Defendant.

Case No. 1:11-cr-10062-NMG
(USA v. ROSE, et al.)

MOTION TO SUPPRESS GPS-DERIVED EVIDENCE

Defendant, Michael Andrews, by his counsel, Kevin L. Barron, respectfully moves under the IV Amendment and *US v. Jones* for an order suppressing all evidence obtained or derived from the government's unlawful attachment and concealment of mobile tracking devices to defendant's personal automobiles. *United States v. Antoine Jones*, __ US __ 132 S.Ct. 945, 181 L.Ed.2d 911 (Jan. 23, 2012).  Evidence was unlawfully derived from said tracking devices, or in combination with, the use of defendant's personal data[1] obtained without his knowledge or permission.  The said electronic tracking devices were concealable, self-powered GPS locators, surreptitiously

---

[1] The term "personal data" as used in these motion papers includes: information in which a person is deemed to have a reasonable expectation of privacy by law existing prior to *US v. Antoine Jones*; information that persons keep "in their persons, houses or effects" (IV Amen., US Const.); information disclosed in the context of a legally-protected or privileged relationship.  In accordance with *US v. Antoine Jones,* the term "personal data" also includes information voluntarily disclosed to third parties that a person believes will be confidential or be subject to restricted disclosure.  Such personal data includes the information specifically identified in or to be reasonably inferred from *Jones* that, on its own or by aggregation with other information, reveals confidences or facts of a private nature, even if not deemed protected by the Fourth Amendment under pre-existing law as follows: phone numbers for calls dialed or received, contact information stored in devices and computers, cellular phone tower information, pen registers, information (including GPS location data) broadcast or uploaded by smart phones or other location devices, text messages, URLs visited, memory caches, e-mail addresses, purchases on the internet, credit card, debit card, banking and financial information, telecopier/facsilie data, push-to-talk communications, subscriber registration data.

1

attached, used covertly and all in violation of the IV Amendment, FRCrimP Rule 41 and 18 USC §3117.

Defendant seeks suppression of: data obtained from the device in real time and the historical data it collected; surveillance and other law enforcement observations such as drug transactions witnessed; the identity of alleged drug customers not otherwise obtained by untainted evidence; intercepts conducted under tainted court authorization; and all other evidence obtained or derived as unattenuated product of said illegality.

To the extent not obtained under a valid warrant or court-ordered wire intercept, defendant further moves to suppress all direct or derivative evidence of subscriber information, toll records and other personal data obtained by the government pursuant to administrative subpoena or other means without a warrant in violation of *Jones, supra*.

The government has further acknowledged attaching a tracking device without a warrant to the automobiles of co-defendants Kyle Hicks and Omay Ford.  They and their passengers were subject to the same or similar government conduct and may join in this motion or move separately.

Defendant files his affidavit and a memorandum of law in support of this motion.

The government opposes this motion.

Dated this 3rd day of July, 2012 at Boston, Massachusetts.

>Respectfully submitted,
>MICHAEL ANDREWS, Defendant
>By his Counsel,
>/s./ Kevin L. Barron
>KEVIN L BARRON 550712
>ATTORNEY AT LAW
>92 STATE ST 6FL
>BOSTON MA 02109
>Tel. No. 617-407-6837

Certificate of Service

Undersigned counsel certifies he has caused counsel of record to be served today, July 3, 2012 through this Court's CM/ECF and that no party requires service by other means.

/s./ Kevin L. Barron
KEVIN L BARRON